The second case this morning is 521-0424, People v. Dennis Edwards. Arguing for the defendant appellant is Matthew Daniels. Arguing for the state appellee is Hiram Finjack. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings today. Good morning, counsel. Are you ready to proceed? I am, your honor. The court will hear first from the appellant. Please state your name for the record. I'm Assistant Appellant Defender Matthew Daniels and I represent Dennis Edwards. You may proceed, counsel. Thank you. May it please the court. Counsel, this is an appeal of a second stage dismissal of Dennis Edwards' amended post-conviction petition. This court should reverse and new counsel under either of the two issues we've raised. Under issue one, we set forth that Dennis did not knowingly waive his right to conflict-free counsel. And under issue two, we set forth that post-conviction counsel Benedict Song rendered unreasonable assistance where he failed to file a Rule 651C certificate and there is no affirmative evidence of substantial compliance. I'll begin with the unreasonable assistance claim because it involves a post-conviction counsel Song failed to file a Rule 651C certificate in the trial courts. The prosecution has conceded that the record fails to show that Song substantially complied with the rule. Given that concession, this court should reverse and remand for new second stage proceedings with new counsel. Now, the prosecution attempts to avoid that fate by moving to supplement the record with a belated 651C certificate and that motion is still pending. It was taken with the objection to the motion as well as a reply set forth the reasons why, but I'll highlight two of them. First, a party can't supplement the record with a document that was never before the trial court and that's what the state is attempting to do here. Second, the certificate is flawed and raises more questions than it answers. People v. Waldrop, which is one of the cases that the prosecution cites, recognizes that a motion to supplement the record with a 651C certificate should be denied where the proposed certificate is inadequate. And that's what we have here. It doesn't say when Song performed the 651C duties. The 651C certificate here is facially deficient because it doesn't ever mention that he actually discussed the post conviction petition with Dennis. What it says instead is that they discussed Dennis's appellate and a motion. Additionally, the 651C certificate doesn't explain why Song didn't file that certificate below. Now, even if the motion to supplement is allowed, reversal and remand is still required because the record rebuts the presumption of compliance and I'll highlight two reasons why. First, Song didn't shape into proper form the one issue from the pro se petition that which was the ineffective assistance of appellate counsel for failing to raise sufficiency of the evidence. Song misapprehended the legal standard even when he was alerted to it by the prosecution's motion to dismiss and the trial court's questions at the motion to dismiss hearing. Second, Song didn't raise any claims of ineffective assistance of trial counsel even though Dennis's pro se petition set forth the facts necessary to raise a viable claim supported by voluminous attachments to his pro se petition. Yet, Song didn't raise the ineffective assistance of trial counsel as a claim and to an extent that makes sense because he had a conflict of interest, which I'll get to in just a moment. But to wrap up this issue, Song rendered unreasonable assistance. He filed no 651C certificate and even if the court allows the prosecution's motion to supplement, the record rebuts the presumption of compliance. That's enough to reverse and remand. Now, turning to the conflict of interest issue, that provides a separate but related basis for reversal and remand for new second stage proceedings. Here, post-conviction counsel Song's loyalties were divided between trial counsel and Dennis. Trial counsel was CJ Barsivic, who was a named partner at the six-person law firm where Song was working. The judge recognized that there was a conflict because he took a waiver. While there is a document in the record showing that he waived the conflict, he didn't knowingly waive it and that's an important distinction. As our Supreme Court declared in People v. Lawson, reviewing courts must indulge every reasonable presumption against waiver. Under Illinois law, a waiver of a conflict of interest is valid only where the record establishes that the client was advised of the significance of conflict. Let me ask you one question, please, before you go much further. Attorney Song, at the time of this proceeding, was he a named partner at that firm with CJ Barsivic or was he an associate? The record doesn't specify. For the purposes of our argument, though, it doesn't change the fact that he had divided loyalties. They're working in the same law firm and so there regardless of whether he was a partner and had duty of loyalty to the firm at a partnership level or because he was an associate and so he was working essentially if Barsivic was Song's boss. Either way, that creates a set of divided loyalties here. I just didn't see it anywhere and I was wondering if you knew. Maybe I missed it. I don't know and the record isn't clear. But here, what isn't in the record as well is any evidence that Dennis was advised of the significance of the conflict and that matters because since reviewing courts have to indulge every reasonable presumption against waiver, the absence of any information in the record about Dennis being advised of the significance in the conflict means that the waiver wasn't knowing. Now, the prosecution contends there was no conflict at all but that argument fails because here the record establishes that Song had an actual conflict of interest based on divided loyalties. Under actual conflict analysis, there's no need to establish prejudice. Our Supreme Court said that in People v. Nelson. An actual conflict exists where the attorney fails to pursue a plausibly viable alternative strategy that would have benefited the client at the expense of the lawyer's loyalty to a third party and we've got that here. Dennis set forth the facts necessary in his pro se petition as well as in the couple hundred pages of attachments he included with that pro se petition to raise ineffective assistance of trial counsel against BarCivic. BarCivic was a named partner in the firm where Song was working and Song didn't raise ineffective assistance of trial counsel in the amended petition. So, we have an actual conflict of interest here. Also, there's arguably an imputed conflict of interest under People v. Jaworski, a second district case from 2014 in the rules of professional conduct. So, we have a conflict of interest here. We don't have a knowing conflict because the trial courts did not, there's no record that the trial courts ever admonished Dennis about the significance of the conflict. So, there is no knowing waiver. So, that's in and of itself another separate basis for reversal under man for new second stage proceedings with new counsel. And so, for those reasons, we ask that this court reverse the judgment of the circuit court and remand for new second stage proceedings with new counsel. And I'm happy to answer any other questions the court may have. Any questions, Justice Bowie? No questions, thank you. Justice Barberas? Not at this time, thanks. Thank you, counsel. We'll have an opportunity again on rebuttal. Mr. Finjack, please state your name for the record and you may proceed. Good morning, your honors. This is Hiram Finjack representing the state of Illinois for the state appellate prosecutor. Turning to the defendant's second main argument, the one that counsel raised first this morning, that PC counsel did not provide him with reasonable assistance. As counsel mentioned, as an initial matter, the state does concede that counsel did not file a rule 651 certificate and the present record on appeal does not affirmatively demonstrate that counsel complied with the rules consultation and examination requirements. Therefore, if the court does not grant the state's motion, the state does concede the necessity of remanding the matter for additional second stage proceedings. The state's motion to supplement the record with the belated 651 certificate corrects the submission and if granted by the court, establishes a presumption that counsel complied with his obligations under the rule. The counsel's certificate details his compliance with all three of rule 651's requirements. The certificate averses that counsel consulted with the defendant in order to ascertain his contentions regarding the deprivation of his constitutional rights, examined the entire record, and made any necessary amendments to the defendant's pro se petition necessary for an adequate presentation of the defendant's contentions of error. Let me ask you this, with regard to the defendant's pro se petition where he claimed ineffective assistance, had post-conviction counsel included that in an amended petition, would that not just ring of note, definitely put on point any potential conflict he had with his firm? Had he included that in there? Potentially, but if you look at the defendant's pro se petition, he did not allege ineffective assistance of trial counsel. He alleged five claims, post-PC counsel narrowed down to one claim, ineffective assistance of appellate counsel. PC counsel's job was to take the claims that the petitioner made in his pro se petition and present those claims. So, as I just said, he never made a claim against his trial counsel. So, that's why our contention is that the conflict of interest is not applicable in this situation. But going back to the presumption that would arise if the state's motion is granted, the defendant argues there's no affirmative proof that PC counsel consulted with the defendant to learn his claims of constitutional deprivation. However, the presumption that would arise from the filing of the certificate can only be overcome by affirmative proof that counsel did not, in fact, consult with his client. And the present record makes no such showing. The defendant has made a similar argument with respect to the duty to examine the record. And again, the record must affirmatively establish that counsel did not review the record in order to rebut the presumption that would arise from the filing of a certificate, which it does not in this case. Last, the defendant argues that the record demonstrates that counsel failed to make the necessary amendments for an adequate presentation of his claim, that he received ineffective assistance from appellate counsel because appellate counsel failed to raise a sufficiency of the evidence claimed during the defendant's direct appeal. Even absent the certificate, the record affirmatively demonstrates that counsel did provide reasonable assistance in amending the defendant's pro se position. Counsel, in the amended position and during arguments on the state's motion, argued that the evidence of trial's insufficiency to support the conviction and that there was a reasonable probability that defendant's appeal would have been successful if appellate counsel had raised such a claim. Counsel attacked the credibility of the state's two main witnesses and attempted to support the defendant's claim by arguing that several questions from the jury demonstrated the insufficiency of the evidence. And then furthermore, counsel clearly addressed the two-pronged Strickland standard under which such claims may be analyzed. In summary, counsel attacked the sufficiency of the evidence, explained why appellate counsel's failure to raise the claim on direct appeal satisfied both prongs of the Strickland test. Therefore, he adequately shaped his claim into the appropriate legal form. PC counsel was not required to be successful in presenting the defendant's claim in order to have rendered reasonable assistance. Counsel was just required to provide reasonable assistance in presenting the defendant's claim to the court, which is what occurred in this instance. In this instance, excuse me. Addressing the first main issue regarding the conflict of interest, TC counsel's employment at the same law firm clearly does not fit into one of the closed set of categories of per se conflict of interest that are recognized under Illinois law. Conflicts that in and of themselves create such a risk of impacting counsel's performance that defendant is not required to demonstrate any deficiency arising from the conflict. Therefore, in absence of a per se conflict, the defendant must establish the existence of an actual conflict of interest, which can only be accomplished by identifying a specific deficiency in PC counsel's strategy, tactics, decision-making that can be attributed to the are insufficient to establish an actual conflict of interest. In this case, the defendant has failed to identify any such specific deficiency that arose from the relationship between PC counsel and trial counsel. The defendant has speculated about potential red flags, but does not point to any specificity to behavior on the part of PC counsel that arose from the supposed conflict. For instance, the defendant argues that the omission of an ineffective assistance of trial counsel claim somehow demonstrates the existence of a conflict, and I mentioned this earlier. The petitioner did not even raise in his pro se petition an ineffective assistance of trial counsel claim, and PC's job was not to take the defendant's pro se claims. PC's job was to take the defendant's pro se claims and mold them into appropriate legal form, not create additional claims the defendant had not alleged. The defendant points to various allegedly problematic actions taken by trial counsel during trial that could have conceivably been raised by PC counsel, which again is engaging in the type of speculation that is insufficient to establish an actual The trial court's order clearly from June 30, 2019, clearly demonstrates that the defendant waived any potential conflict. The defendant has argued the waiver is insufficient because there's no transcript of the proceedings and therefore no documentation establishing that he was advised of the nature and significance of the conflict such that he could knowingly voluntarily waive it. However, it is the appellate's burden, the defendant in this case, to provide a sufficiently complete record to support his claims. If he fails to do so, the appellate court should resolve all doubts arising from the incompleteness of the record against the appellate. Let me stop you there. If the trial judge did not make a transcript of that the defendant's fault. Well, the case law just says that it is the appellate's burden to provide a sufficiently complete record. And if there's not a sufficiently complete record, the presumption is that the trial court knows the law and applied it appropriately. Even the question of the waiver aside, the fact is there was no actual conflict of interest. So the defendant, he can't point to a deficiency on the part of PC counsel arising from counsel's relationship with the trial counsel's firm. Well, let me stop you there for just one moment. On page 25 through 28 of the appellant's brief, there are 10 paragraphs that seem to allege deficiencies in trial counsel's actions at trial that I'm assuming would some of, are you saying that none of those listed on those pages were sufficient for appellate counsel, PC counsel to amend the petition and to include ineffective assistance of trial counsel? Well, as I said, the petitioner did not allege ineffective assistance of trial counsel. And in the petitioner's opening brief, he did not argue that PC counsel was performed unreasonably because he failed to include an ineffective assistance of trial counsel claim. It was just based on his presentation of the ineffective assistance of appellate counsel. So again, the state's position is that this is just speculative in nature. There's nothing he can point to with specificity, which is required to establish an actual conflict of interest in this instance. And I see my time is out. Time is up. So thank you, your honors. Any other questions, Justice Bowie? No, thank you. And Justice Barberis? No, thanks. Okay. Rebuttal? Yes, your honor. Thank you. I have a couple of points in rebuttal. I'd like to begin with the question that Justice Bowie asked regarding the fact that there's no transcript. It's exactly right. This is not Dennis's fault that there wasn't a transcript. The law places the burden on the trial judge to establish that the defendant was advised of the potential significance of the conflict of interest. And that didn't happen here. But in the absence of that transcript, doesn't the law also provide that the appellant can provide a statement with regard to what occurred? I suppose, but we still have in this record the order that the judge entered regarding the waiver. And there, it does say nothing at all about the fact that Dennis was advised of the significance of the conflict. Perhaps it'd be a different situation if that language is included in the order, but the judge didn't even get that into the order. So as far as the record we have, there's nothing in that order that shows that that's not his fault. Now, as to the fact that there's a dispute here about whether a conflict existed, it's true that Dennis didn't specifically label a claim as ineffective assistance of trial counsel, but he was under no obligation to do that as a pro se litigant. That's the job of trial counsel, is to go through the facts that are alleged in the pro se petition, as well as in the attachments, and shape those into cognizable claims. And here, if we assume that Song had read this pro se petition, the transcripts, what becomes clear are the things that Justice Barbaras pointed out, the bullet points that we raised in the opening brief. What they show is that Dennis was certainly attacking the credibility of the state's two star witnesses, and he also attached to the pro se petition transcripts from the trial, including the portion of the trial where he called Bar Civic ineffective, because he wasn't using videos from electronically recorded interview of the state's witnesses to impeach them, and to show that their testimony was incredible. Additionally, there were a number of police reports that he attached to the pro se petition, which shows that the police had roughly about a half dozen alternative suspects that they were seriously investigating before they came to learn about Dennis, and that those alternative suspects were brought in, they were arrested, and they were questioned. Bar Civic does nothing with that at trial. And so, look at that within the context of who Song is in relation to Bar Civic. Song works at Bar Civic's law firm, so there is obviously going to be a duty of loyalty that he has to his employer. At the same time, though, he has a duty to be a zealous advocate to his client, Dennis. That explains, most likely, why there's no ineffective assistance to trial counsel claim, even though the facts and the attachments in the pro se petition set forth that there was clearly a viable alternative route to take in amending the petition and adding an effective assistance to trial counsel. Now, the last point I'd like to make goes back to the 651c certificate issue. Contrary to the state's assertion, there is not substantial compliance on its face with all three of the requirements for 651c. Nowhere in that 651c petition does Song say that he actually consulted with Dennis about his pro se petition. What he says is he consulted with Dennis about his appellate rights and about a motion. The only motion that was at play while Song was involved was the state's motion to dismiss, and that would have been filed after Song had filed the amended petition. So, for each of the reasons that I've set forth today, as well as in the briefs, as well as our opposition to the state's motion to supplement, we're asking that this court reverse and remand for further second stage proceedings with new post-conviction counsel. Thank you, counsel. Any other questions? Justice Bowie? No, thank you. Justice Barberis? No, thanks. Court will take this matter under advisement and issue its decision in due course. Thank you, counsel.